UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PEPPY MARTIN                                                               PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:10CV-543-S

FARM CREDIT SERVICES OF MID-AMERICA, et al.          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a number of motions pending in this action. The complaint seeks redress for issues associated with the mortgage on certain real property of the plaintiff, Peppy Martin, a litigant who is proceeding *pro se* in this action. Martin contends that the defendants, Farm Credit Services of Mid-America ("Farm Credit") and CitiMortgage, Inc.[1] are the two first mortgage holders on her property and that they have wrongfully brought foreclosure proceedings against the property in Hart County, Kentucky. She alleges that the defendants have wronged her by allegedly refusing to provide her with a "minimum payoff figure," interfering with her right to sell and/or mortgage her property, discriminating against her, and interfering with her political aspirations to run for Governor of Kentucky. She seeks clear title to her property, a written apology from each defendant, and damages in the sum of $50 million.

Martin has filed a motion for default judgment (DN 11) alleging that the defendants have failed to answer the complaint. CitiMortgage, Inc., filed an answer to the complaint on September

---

[1] Improperly denominated "CitiMortgage." (*see,* Answer (DN 8)).

28, 2010, and an answer to the "Addition to Suit" on November 16, 2010.[2] Farm Credit filed a motion to dismiss (DN 5) on September 13, 2010 which remains pending before the court. Thus no answer from this defendant is due. Both defendants certified that they served their responsive pleadings by mail on Martin, as she is not an electronic filer with the court. The motion of Martin for default is without merit and will be denied.

Martin has filed a motion for summary judgment (DN 13) without an accompanying statement of fact or memorandum of law. Fed.R.Civ.P. 56(a) states that "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." As Martin states only that she "respectfully asks for summary judgment on all counts," the motion will be denied.

Farm Credit has filed a motion to dismiss the complaint as to it on the grounds that it has not been properly served and that there is no federal jurisdiction in this matter. The court will address these contentions in turn.

First, Farm Credit claims that it was not properly served in the case, as it appears that Martin attempted service herself, in contravention of Fed.R.Civ.P. 4(c)(2) which provides that service may be effected by any person who is at least eighteen years of age and not a party to the suit. Martin has failed to respond to the motion to dismiss.

---

[2]Martin has filed a pleading styled "Addition to Suit" which seeks to add a claim of racketeering against CitiMortgage. She failed to seek leave of court to amend her complaint. However, CitiMortgage filed an answer to the pleading rather than objecting to the filing without leave.

Second, Farm Credit states that insufficiency of service aside, the court lacks jurisdiction in this case, as the complaint raises no federal question[3] and complete diversity among the parties is lacking. Again, Martin has failed to respond to the motion. Farm Credit has provided a copy of the company's charter which establishes its principal place of business is in Louisville, Kentucky. Pursuant to 12 U.S.C. § 2258, Farm Credit is deemed a citizen of the state in which its principal place of business is located. As Martin is a citizen of Kentucky, residing in Bonnieville and the real estate in question is located there, the parties are not completely diverse. Therefore, this court lacks diversity jurisdiction.

Additionally, CitiMortgage, Inc. has filed a cross-motion for summary judgment (DN 21), urging that the claims raised by Martin in this action are compulsory counterclaims in the Hart County foreclosure action which is currently pending. CitiMortgage, Inc. has appended a copy of a counterclaim filed by Martin in the Hart County Circuit Court which addresses a mortgage on Martin's property which was allegedly acquired by CitiMortgage, Inc. While we must dismiss this action for lack of federal jurisdiction, we note that CitiMortgage Inc.'s motion for summary judgment appears to have merit as the subject of this suit appears to be the subject of litigation in a prior pending action.

Based on the foregoing, the motion of Farm Credit to dismiss (DN 5) will be granted, and the cross-motion of CitiMortgage, Inc. for summary judgment (DN 21) and the motion of Farm Credit for enlargement of time (DN 23) will be denied as moot.

---

[3]Martin has sued Farm Credit, a Federal Land Bank Association. Martin states that she has not been able to obtain "minimum payoff figures that should be anyone's right to obtain under Federal and state banking laws." Complaint, p. 2. This statement is insufficient to identify a basis for federal question jurisdictional over this suit.

Motions having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The motion of the plaintiff, Peppy Martin, for default judgment (DN 11) is **DENIED.**

2. The motion of the plaintiff, Peppy Martin, for summary judgment (DN 13) is **DENIED.**

3. The motion of the defendant, Farm Credit Services of Mid-America, to dismiss for lack of subject matter jurisdiction (DN 5) is **GRANTED.**

4. The cross-motion of the defendant, CitiMortgage, Inc. for summary judgment (DN 22) is **DENIED AS MOOT.**

5. The motion of the defendant, Farm Credit Services of Mid-America, for enlargement of time (DN 23) is **DENIED AS MOOT.**

6. The action is **DISMISSED WITHOUT PREJUDICE.** There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED.**